PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
The Florida Bar served its complaint on April 14, 1975 alleging as follows:
COUNT I
1. The Respondent, EUGENE J. ETHIER, is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
3. During January 1972 Respondent agreed to represent Christopher Farrell, a vacationing resident of New Jersey, who had a claim for personal Injuries against Robert Ylitalo resulting from an accident on New Year’s Eve, 1971.
4. During December 1972 Respondent agreed to represent Robert Ylitalo who had been charged with criminally assaulting Sylvia Scott.
5. At the time Respondent agreed to represent Robert Ylitalo, he continued to represent Christopher Farrell.
6. Respondent represented Robert Yli-talo in the criminal matter without Christopher Farrell’s knowledge or consent.
7. During the interview at which Respondent agreed to represent Robert Ylitalo, Respondent advised him to meet with Christopher Farrell to attempt a settlement.
8. Robert Ylitalo met with Christopher Farrell at Respondent’s request, although Christopher Farrell was never informed by Respondent that he had suggested the meeting.
9. Although no settlement was reached, Respondent failed to file a civil action on behalf of Christopher Farrell against Robert Ylitalo.
10. Respondent’s failure to file an action on behalf of Christopher Farrell resulted in the apparent loss of his claim because of the statute of limitations.
11. Because Respondent consistently refused to advise his client of the case status, Christopher Farrell was forced to engage local counsel in New Jersey to reestablish contact and spur Respondent to act. The attorney’s considerable efforts from November 1973 to February 1974 met with total failure.
12. Respondent has repeatedly refused to communicate with Christopher Farrell and to adequately represent him.
13. By reason of the foregoing Respondent violated Disciplinary Rules 1-102(A)(6), 5-105(A), 5-105(B), 5-105(C), 6-101 (A) (3), 7-101 (A) (2) and 7-101 (A) (3) of the Code of Professional Responsibility.
COUNT II
1. Complainant realleges the facts contained in Count I, paragraphs 1 and 2.
2. During late 1969, Respondent agreed to represent Charles W. Gravelin, and his then minor son Daniel Grav-elin, who had a personal injury claim sustained when a plate glass door shattered at a Royal Castle Restaurant on Daniel Gravelin.
*502 3. On or about October 6, 1969, Respondent took a voluntary dismissal of the action filed against Royal Castle System, Inc., with costs being assessed against the Gravelins. Respondent failed to inform the Gravel-ins that these costs were assessed against them.
4. Respondent failed to communicate a settlement offer for $5,000 from Royal Castle Systems, Inc., to Charles Gravelin or Daniel Gravelin.
5. Despite numerous attempts by the Gravelins to contact him, Respondent repeatedly refused to communicate with them or to adequately represent them.
6. Respondent’s failure to refile the Gravelins’ action resulted in the loss of the Gravelins’ claim because of the statute of limitations.
7.By reason of the foregoing, Respondent violated Disciplinary Rules 1-102(A)(6), 6-101 (A) (2), 6-101 (A) (3), 7-101 (A) (2) and 7-101 (A) (3) of the Code of Professional Responsibility.
The Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline is granted and respondent is hereby disciplined as follows:
a. Respondent is hereby suspended to and including December 29, 1975.
b. Probation for one year to begin upon termination of the suspension with supervision by a local attorney during that period and case status reports on a monthly basis to be sent to The Florida Bar.
c. Respondent is ordered to refer tort claims to counsel outside his office to institute procedures to preclude future conflicts of interest and to insure that the statutes of limitations are met.
d.Respondent is hereby taxed with' the costs of these proceedings in the amount of $900.81.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, OVERTON and HATCHETT, JJ., concur.